1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9   WESTERN EXPLORATION LLC, et al.,

10                          Plaintiffs,

11          v.

12   U.S. DEPARTMENT OF THE INTERIOR, et al.,

13                          Defendants.

Case No. 3:15-cv-00491-MMD-VPC

ORDER

(Defs.' Motion in Limine – dkt. no. 34.)

14
15

I.   **BACKGROUND**

16        Defendants seek to limit the testimony that Plaintiffs may present during a hearing

17   on Plaintiffs' Motion for Preliminary Injunction ("PI Motion"), which is scheduled for

18   November 17, 2015. (Dkt. no. 34.) In a Joint Status Report regarding the hearing,

19   Plaintiffs reserved the right to call ten witnesses to testify in support of the PI Motion.[1]

20   (Dkt. no. 30 at 3-5.) Defendants' Motion in Limine ("MIL") raises two objections to

21   Plaintiffs' possible witnesses: first, the witnesses may offer extra-record testimony on the

22   merits of the underlying agency decisions; and second, several witnesses appear to be

23   offered as experts on those agency decisions, which is impermissible under the

24   Administrative Procedure Act ("APA"). (Dkt. no. 34 at 2.) Defendants accordingly ask the

25
26

_____

27   [1]Plaintiffs seek preliminary injunctive relief from amendments ("Plan Amendments") to the Bureau of Land Management's and the Forest Service's land management plans for the Nevada and Northeastern California Greater Sage-Grouse Sub-Region.

28

1  Court to "limit witness testimony to the question of injury, exclude expert testimony, and

2  preclude the testimony" of four witnesses. (*Id.* at 10.)

3          In light of Defendants' request for expedited review, the Court ordered Plaintiffs to

4  file any response by Monday, November 16, 2015. (Dkt. no. 34.) After reviewing

5  Plaintiffs' response (dkt. no. 37), the Court will grant Defendants' MIL in part.

6  **II.    ANALYSIS**

7          First, the Court has already ruled that only Plaintiffs Elko County, Eureka County,

8  Western Exploration LLC, and Quantum Minerals LLC (collectively, "Original Plaintiffs")

9  may offer testimony and argument in support of their PI Motion. (Dkt. no. 36.) Thus, at

10 the scheduled hearing, the Court will not entertain witnesses whose testimony is

11 irrelevant to the preliminary injunctive relief requested by the Original Plaintiffs.

12         In two supplements filed in support of the PI Motion, Plaintiffs offered declarations

13 from Jim French, a Humboldt County Commissioner, Jeanne Herman, a Washoe County

14 Commissioner, and Fred Stewart, the manager of Ninety-Six Ranch, LLC. (Dkt. nos. 13,

15 18.) Those declarations describe allegedly irreparable harms that Humboldt County,

16 Washoe County, and Ninety-Six Ranch would experience because of the Plan

17 Amendments. But the alleged irreparable harms affecting Humboldt County, Washoe

18 County, and Ninety-Six Ranch are not relevant to the irreparable harms alleged by the

19 Original Plaintiffs.

20         Plaintiffs' witness list also includes Jim French and Jeanne Herman, as well as Bill

21 Whitney, a representative of the Washoe County Planning Department, and Bob

22 Schweigert, a range consultant who plans to testify about harms that will affect Ninety-

23 Six Ranch. (*See* dkt. no. 30 at 4-5.) In light of the Court's earlier ruling (dkt. no. 36), the

24 Court reaffirms that it will not entertain testimony from these witnesses regarding alleged

25 irreparable harms to Humboldt County, Washoe County, and Ninety-Six Ranch.

26 However, in their response, Plaintiffs argue that these witnesses can testify on the public

27 interest prong of a preliminary injunction. (Dkt. no. 37 at 10-13.) This argument is

28 ///

1   somewhat of a stretch, but the Court will permit limited testimony from these witnesses

2   on the public interest element of Plaintiffs' PI Motion.

3       Next, Defendants argue that Plaintiffs cannot present testimony on Plaintiffs'

4   likelihood of success on the merits because that testimony constitutes extra-record

5   evidence. (Dkt. no. 34 at 2-5.) Plaintiffs move for a preliminary injunction under the

6   National Environmental Policy Act ("NEPA"), the Federal Land Policy and Management

7   Act ("FLPMA"), the National Forest Management Act ("NFMA"), and the General Mining

8   Law. (Dkt. no. 4 at 3-4.) The Court reviews agency compliance with these statutes under

9   the APA. *See Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1176 (9th Cir. 2011)

10  (reviewing NFMA claim under the APA); *ONRC Action v. Bureau of Land Mgmt.*, 150

11  F.3d 1132, 1135 (9th Cir. 1998) (reviewing NEPA and FLPMA claims under the APA);

12  *Pathfinder Mines Corp. v. Hodel*, 811 F.2d 1288, 1290 (9th Cir. 1987) (citing APA

13  standard of review in addressing agency action under the General Mining Law of 1872).

14      Generally, "a court reviewing agency action under the APA must limit its review to

15  the administrative record." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d

16  971, 992 (9th Cir. 2014). The Ninth Circuit, however, has recognized several narrow

17  exceptions to this rule: "a reviewing court may consider extra-record evidence where

18  admission of that evidence (1) is necessary to determine whether the agency has

19  considered all relevant factors and has explained its decision, (2) is necessary to

20  determine whether the agency has relied on documents not in the record, (3) when

21  supplementing the record is necessary to explain technical terms or complex subject

22  matter, or (4) when plaintiffs make a showing of agency bad faith." *Id.* (quoting *Lands

23  Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2004)) (internal quotation marks

24  omitted). Even if a court admits extra-record evidence under one of these exceptions,

25  the court cannot use such evidence "to determine the correctness or wisdom of the

26  agency's decision." *Id.* at 993 (quoting *Asarco, Inc. v. U.S. Envtl. Prot. Agency*, 616 F.2d

27  1153, 1160 (9th Cir. 1980)).

28  ///

1    Plaintiffs contend that their witnesses — specifically, Tina Mudd and Barry
2  Perryman — will testify about scientific evidence that Defendants allegedly failed to
3  consider in deciding to issue the Plan Amendments. (Dkt. no. 37 at 5-8.) To the extent
4  these witnesses will testify regarding scientific evidence that Defendants failed to
5  consider, the Court will allow that testimony.[2] However, as Defendants point out, by
6  offering witness testimony on the "'inaccuracies,' 'inconsistencies,' and 'errors'" of the
7  agencies' decisions (dkt. no. 34 at 5 (quoting dkt. no. 30 at 3-4)), Plaintiffs seem to be
8  inviting the Court to use extra-record evidence precisely to question the "correctness or
9  wisdom of the agency's decision." *San Luis*, 776 F.3d at 993; (Dkt. no. 34 at 4-5). The
10 Court will therefore limit any testimony regarding overlooked or omitted scientific
11 evidence to testimony that identifies such missing evidence. Plaintiffs' witnesses may not
12 use omitted scientific evidence to testify about the correctness or wisdom of the decision
13 to issue the Plan Amendments.

14    To demonstrate bad faith, Plaintiffs further suggest that their witnesses will
15 identify evidence that appears in the full administrative record, but not in the core
16 administrative record submitted for purposes of the PI Motion. (Dkt. no. 37 at 8-9.) It is
17 not clear why witness testimony is required to identify discrepancies between the
18 complete administrative record and the core record prepared for the PI Motion. Counsel
19 may point out any relevant documents that appear in the administrative record but not in
20 the core administrative record.

21    Finally, Defendants urge the Court to reject testimony from four seemingly expert
22 witnesses: Bob Schweigert, Barry Perryman, Tina Mudd, and Debra Struhsacker. (Dkt.
23 no. 34 at 5-6.) As the Court noted above, Mr. Schweigert's testimony appears to
24 implicate a more recently added Plaintiff, not one of the Original Plaintiffs. (*See* dkt. no.
25 ///

---

26
27    [2]The Court will also permit testimony about omitted scientific evidence to the
extent it is necessary to show that Defendants failed to explain their decision. As noted
28 above, however, Plaintiffs' witnesses cannot use that evidence to question the
correctness or wisdom of the Plan Amendments.

30 at 5 ("[Mr. Schweigert] is expected to testify regarding, *inter alia*, the harm to Plaintiff Ninety Six Ranch and others similarly situated as well as the environmental harm resulting from the NVLMP restrictions being challenged.").)  The Court will not entertain Mr. Schweigert's testimony regarding alleged irreparable harm to Ninety Six-Ranch, which is not one of the Original Plaintiffs. Mr. Schweigert may testify, however, on the public interest prong of Plaintiffs' PI Motion. If Plaintiffs plan to offer Mr. Schweigert, Professor Perryman, Ms. Mudd, and Ms. Struhsacker as experts, they must qualify them as such. Fed. R. Evid. 702. The Court will entertain arguments regarding expert qualification at the hearing.

## III.    CONCLUSION

It is ordered that Defendants' Motion in Limine (dkt. no. 34) is granted in part and denied in part.

Witnesses Jim French, Jeanne Herman, Bill Whitney, and Bob Schweigert may testify regarding the public interest element of Plaintiffs' PI Motion. They may not testify about alleged irreparable harms to entities other than Elko County, Eureka County, Western Exploration LLC, and Quantum Minerals LLC, the parties who filed the PI Motion.

Furthermore, although Plaintiffs' witnesses may not testify regarding the correctness or wisdom of the decision to issue the Plan Amendments, they may identify scientific evidence that was allegedly overlooked or omitted, or to the extent it is necessary to show that Defendants failed to explain their decision. The Court will not entertain witness testimony about documents that appear in the full administrative record but not in the core administrative record, but counsel may present arguments on this issue.

If Plaintiffs wish to offer expert testimony, they must qualify the appropriate witnesses as experts. The Court will hear any argument regarding qualification at the hearing.

///

1    Finally, at the scheduled November 17, 2015, hearing, the Court will not entertain

2  opening arguments as the Court has reviewed the briefs relating to the PI Motion. The

3  Court will proceed first with accepting evidence before hearing arguments from counsel.

4    DATED THIS 16th day of November 2015.

5

6

7  _____

   MIRANDA M. DU
8  UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28