Julie Cavanaugh-Bill, Nevada Bar # 11533
CAVANAUGH-BILL LAW OFFICES, LLC
401 Railroad St., Ste. 307
Elko, Nevada 89801
(775) 753-4357
julie@cblawoffices.org

Matt Kenna (CO Bar No. 22159)
Public Interest Environmental Law
679 E. 2nd Ave., Suite 11B
Durango, CO  81301
(970) 385-6941
matt@kenna.net
*Pro Hac Vice*

Roger Flynn (CO Bar No. 21078),
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main St., #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org
*Pro Hac Vice*

Attorneys for Applicants in Intervention

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA, *et al.*, | Case No. 3:15-cv-00491-MMD-VPC |
| Plaintiffs, | |
| vs. | **REPLY IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF DEFENDANTS AND MEMORANDUM IN SUPPORT BY THE WILDERNESS SOCIETY, NATIONAL WILDLIFE FEDERATION AND EARTHWORKS** |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Defendants, and | |
| THE WILDERNESS SOCIETY, *et al.*, | |
| Applicants in Intervention/ Defendants | |

Applicants in intervention The Wilderness Society, National Wildlife Federation, and Earthworks ("Conservation Groups"), now reply to the opposition response of Plaintiffs to the Conservation Groups' motion to intervene. For the following reasons, the Plaintiffs' arguments should be rejected and the Conservation Groups should be permitted to intervene.

I.      **The Conservation Groups Should be Granted Intervention as of Right**

A. **The Conservation Groups Have Significantly Protectable Interests under FRCP 24(a)(2)**

Plaintiffs first argue that the Conservation Groups have "not alleged any violation of any statute since the matter is not an environmental compliance issue but a land use planning issue." Brf. at 4. There are two problems with this argument. First, of course the Conservation Groups have not alleged a violation of any statute because they seek to intervene as defendants to defend the Federal Defendants' compliance with law. As the cases cited by Plaintiffs (and Conservation Groups in their opening brief) recognize, "conservation groups could intervene of right to defend the federal government's compliance with the Federal Land Policy and Management Act [FLPMA]. . .." Brf. at 3, quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (*en banc*) (which was citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526-28 (9th Cir. 1983).

Second, it is neither correct nor relevant to paint Plaintiffs' challenges as involving just "land use" and not "environmental compliance." Plaintiffs' claims include violations of FLPMA, NFMA, and NEPA- to argue that these are not environmental statutes is nonsensical, even if Plaintiffs challenge the government's action as *overly*-protective of environmental resources. Further, intervention is not limited to "environmental" cases, and will be granted in any case as long as the applicant can show a significantly protectable interest in the case and meets the other requirements. In its *en banc* decision in *Wilderness Society*, the Ninth Circuit

2

held that procedural NEPA cases do not present a higher bar to the liberal standards of intervention than other cases- not that if a plaintiff's claim is deemed "non-environmental" then an applicant who shows a protectable interest cannot intervene. 630 F.3d at 1179 ("A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. [] In keeping with that policy, we have held that Rule 24(a)(2) does not require a specific legal or equitable interest, [] and noted that the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.") (citations and some internal quotation marks omitted).

Plaintiffs argue that the Conservation Groups have "only made generalized statements which do not rise to the level of 'significantly protectable interests' required under FRCP 24(a)(2)." Brf. at 4.  However, the Conservation Groups have explained at length, both in their brief and their declarations, how they were involved in the processes to get the challenged plans in place and how they and their members benefit from those plans that protect both sage grouse and its habitat, which is used regularly by members of the Groups. Cons. Groups Op. Brf. at 6-8 (citing declarations from each Group).  Plaintiffs fail to even discuss this section of the Conservation Groups brief or their declarations, let alone try to explain why those explanations are not sufficient to meet the liberal standards of Rule 24(a).  Accordingly, their challenge on this ground must be rejected.

Plaintiffs next correctly cite *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) for its holding that "[a] public interest group is entitled as matter of right to intervene in an action challenging the legality of a measure it has supported," but then argues that the Conservation Groups have "not actively participated in this process." Brf. at 4-5.  This argument is inexplicable, as the Conservation Groups specifically discussed that they have been involved from the

3

beginning in the formulation of the challenged plans and have been involved to the extent possible to date in the mineral withdrawals. Cons. Groups Op. Brf. at 6-8, citing Declaration of Nada Culver, Intervenor Exhibit ("Int. Exh.") 1 ¶ 6 ("TWS has been actively engaged in the federal planning efforts for conservation of the greater sage-grouse since their inception, including: a. TWS submitted scoping comments in April, 2012, when the federal planning efforts formally commenced. b. TWS commented on the draft plans in 2013 and 2014. c. TWS submitted additional comments and administrative protests on the proposed plans in 2015."); Declaration of Thomas France, Int. Exh. 2 ¶9 ("During the preparation of these land use plans, NWF has provided extensive comments to BLM and USFS . . .. The final Records of Decision (RODs) issued by BLM and USFS in September 2015 incorporate measures to conserve greater sage-grouse and their habitat supported by NWF, its affiliates, its members and supporters and current science."); Declaration of Thomas Myers, Int. Exh. 3 ¶8 ("Earthworks is particularly focused on the Segregation and Proposed Withdrawal challenged by Plaintiffs in this case. The subject Federal Register notice initiated a public comment process with a current deadline for comments of December 23, 2015. Earthworks fully intends on submitting extensive comments on the Segregation and Proposed Withdrawal by that deadline. Earthworks has already begun coordinating these comments with other conservation and wildlife protection groups across the West . . ..").  Plaintiffs do not address these statements, and their argument is directly contradicted by them.

For these reasons, Plaintiffs' arguments that the Conservation Groups have not shown a significantly protectable interest should be rejected.

## B. The Action May, as a Practical Matter, Impair or Impede the Conservation Groups' Ability to Protect Their Interests

The Plaintiffs make no separate argument on this prong of intervention, instead merely re-arguing that the Conservation Groups have "failed to prove that [they have] a significant protectable interest" that could be impaired. Brf. at 6. Plaintiffs do provide an additional citation for their argument, *Northwest Forest Resource Council v. Glickman*, 82 F. 3d 825 (9th Cir. 1996). But that case is inapposite, because it was applying a unique circumstance: a challenge under a rescissions act ("Section 2001(k)(1)") passed as part of an appropriations bill that preempted environmental laws in a limited context. 82 F. 3d at 828-89.  The Court found that "the statute under which the declaratory action arises explicitly preempts other laws. The environmental laws that ONRC and others claim they have supported therefore cannot protect ONRC's various interests with respect to NFRC's claims under Section 2001(k)(1)." *Id*. at 837.  Nothing like that circumstance is presented here,[1] and the Plaintiffs have failed to address the generally-applicable cases cited by the Conservation Groups which show that the threat of having a government action set aside which benefits them and which they have supported easily meets the impairment test. *See* Cons. Groups Op. Brf. at 9-10, citing, *inter alia*, *Idaho Farm Bureau* and *Sagebrush Rebellion* (there "can be no serious dispute" regarding potential impairment of interest where lawsuit seeks to invalidate a conservation area designation benefitting intervenors). The Plaintiffs

---

[1] Even if those circumstances were presented in a future case, it is doubtful that the Ninth Circuit would continue to follow *Northwest Forest* given its more recent *en banc* liberalization of intervention standards where it overturned previous, more restrictive denials of intervention based on technical, rather than pragmatic, grounds. *See Wilderness Soc'y*, 630 F.3d at 1180 ("We now abandon the 'federal defendant' rule. * * * A putative intervenor will generally demonstrate a sufficient interest for intervention of right in a NEPA action, as in all cases, if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'") (citation omitted).

provide no support for the proposition that because the Conservation Groups could "participate in the administrative process on remand" if the plans were set aside, and that argument ignores the obvious point that they would be harmed in the interim while the plans were set aside, and by having to expend significant resources on re-participating in a process that has already protected their interests.

For these reasons, the Plaintiffs' arguments that the Conservation Groups do not meet the standards for intervening as of right should be rejected, and the Groups should be permitted to intervene as of right.

## II.   Alternatively, the Conservation Groups Should be Granted Permissive Intervention

The Plaintiffs argue that the Conservation Groups failed to show that their defenses and the main action share common questions of law or facts. Brf. at 6-7. However, the Conservation Groups stated plainly that they "intend to respond directly to the Plaintiff's challenges to the lawfulness of the Federal Defendants' actions." Cons. Groups Op. Brf. at 12, citing *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002) (applicants "satisfied the literal requirements of Rule 24(b)" where they "asserted defenses … directly responsive to the [plaintiff's] claims"), abrogated on other grounds, *Wilderness Soc'y*, 630 F.3d at 1177-78, 1180; *see also generally* Applicants' Proposed Answer (denying Plaintiffs' legal claims and not raising any counterclaims). Further, the Conservation Groups have stated that they would "not to file any new claims in the litigation." *Id.* at 2.  The Conservation Groups therefore plainly raise defenses in common with the main action.

For these reasons, in the event that the Court does not grant intervention as of right, it should alternatively grant permissive intervention to the Conservation Groups.

Respectfully submitted,

/s/Matt Kenna

/s/Roger Flynn

/s/Julie Cavanaugh-Bill

Attorneys for Applicants in Intervention

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing REPLY IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF DEFENDANTS AND MEMORANDUM IN SUPPORT BY THE WILDERNESS SOCIETY, NATIONAL WILDLIFE FEDERATION AND EARTHWORKS, with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Laura K. Granier
Laura.Granier@dgslaw.com

C. Wayne Howle
whowle@ag.nv.gov

Lawrence VanDyke
lvandyke@ag.nv.gov

Michael Large
mlarge@da.washoecounty.us

Holly A. Vance
Holly.A.Vance@usdoj.gov

Tanya C. Nesbitt
tanya.nesbitt2@usdoj.gov

Luther L. Hajek
luke.hajek@usdoj.gov

7

Barclay T. Samford
Clay.Samford@usdoj.gov

/s/Matt Kenna